UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION,

Civil Action 2:13-md-2433
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

This document relates to:

*David Freeman v. E. I. du Pont de Nemours and Company*, Case No. 2:13-CV-1103

## DISPOSITIVE MOTIONS ORDER NO. 15

### Defendant's Motions for Summary Judgment Related to Specific Causation

This matter is before the Court on Defendant's Motion for Summary Judgment Based on Specific Causation (ECF No. 4316), Plaintiff's Memorandum in Opposition to Defendant's Motion (ECF No. 4337), and Defendant's Reply in Support of its Motion (ECF No. 4344.) For the reasons that follow, the Court **DENIES** Defendant's Motion.

### I.

In its current Motion, Defendant E. I. du Pont de Nemours and Company ("DuPont") moves for judgment as a matter of law on all claims asserted by Plaintiff David Freeman. Mr. Freeman's case is scheduled for trial on May 31, 2016.

Mr. Freeman alleges that he is a member of the class ("*Leach* Class") of individuals who are permitted under a contractual agreement ("*Leach* Settlement Agreement") to file claims against DuPont based on six human diseases ("Linked Diseases") that they believe were caused by their exposure to ammonium perfluorooctanoate ("C-8") discharged from DuPont's

Washington Works plant. (*Leach* Settlement Agreement ("S.A."); ECF No. 820-8.) If any of the plaintiffs in this MDL can show that they are a member of the *Leach* Class and that they suffer or suffered from a Linked Disease, this Court must apply the applicable Probable Link Finding to them. Application of the Probable Link Finding establishes that it is more likely than not that there is a link between that class member's exposure to C-8 and his or her Linked Disease, and DuPont is prohibited from challenging whether it is probable that exposure to C-8 is capable of causing that Linked Disease. (S.A. at §§ 3.3, 12.2.1, 12.2.2.) DuPont retained the right to contest specific causation and to assert any other defenses not barred by the *Leach* Settlement Agreement. (S.A. § 3.3.)

Mr. Freeman alleges that he suffered from testicular cancer, which is a Linked Disease.

## II.

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Id.* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). "The evidence of the nonmovant is to be believed, and all justifiable

inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the requirement that a dispute be "genuine" means that there must be more than "some metaphysical doubt as to the material facts"). Consequently, the central issue is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234-35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

### III.

DuPont argues that it is entitled to summary judgment on Mr. Freemnan's personal injury claim:

> Mr. Freeman cannot make this necessary showing, and his claims should be dismissed, for at least two independently sufficient reasons: (1) Mr. Freeman has no admissible expert testimony to support his claim that his testicular cancer was specifically caused by his alleged exposure to C-8 from the Washington Works facility; and (2) Mr. Freeman has no evidence and cannot prove that C-8 "more likely than not" caused his testicular cancer where he cannot prove that his risk of developing testicular cancer as a result of C-8 exposure was greater than the risk that he faced of developing testicular cancer from other factors and explanations.

(DuPont's Mot. at 3.) DuPont's arguments are not well taken.

DuPont's first argument has been considered and rejected by this Court in its Evidentiary Motions Order No. 4.[1] ("EMO 4".) In EMO 4, the Court concluded that the specific causation opinion of Mr. Freeman's expert constitute reliable and admissible evidence.

---

[1] DuPont did not have the benefit of this Court's decision in EMO 4 because it was issued after DuPont had already filed its motions related to specific causation.

3

As to DuPont's second argument, the Court notes that the majority of is directed at DuPont's assessment of Mr. Freeman's specific causation expert and why his opinion is inadmissible. And, to the extent that DuPont's arguments are not directed at Mr. Freeman's specific causation expert's analysis, it is based upon DuPont's position set forth in its briefing on its First Motion Regarding Causation (ECF No. 1032), Overview on Causation (ECF No. 2813), Motion for Clarification (ECF No. 2814), Motion for Summary Judgment on the Individual Claims of Trial Plaintiff Carla Marie Bartlett Based on Specific Causation (ECF No. 2816), Motion for Summary Judgment on the Individual Claims of Trial Plaintiff John Wolf Based on Specific Causation (ECF No. 2817), and Motion to Exclude Specific Causation Experts (ECF No. 2823). In addition to EMO 1, this Court issued two Dispositive Motions Orders ("DMO"), DMO 1 and DMO 1-A, in which it considered DuPont's position on causation and explained in detail why it is untenable under the *Leach* Settlement Agreement. The Court will not reiterate the content of those decisions here, and instead, incorporates them in their entirety.

There is no dispute that as part of his case-in-chief Mr. Freeman must prove that C-8 specifically caused his Linked Disease. His expert witness's ultimate conclusion is that his exposure to C-8 was a substantial contributing factor to his testicular cancer. DuPont's specific causation experts reach the opposite conclusion. The issue before the Court reflects the quintessential questions for determination by a jury. That is, the weight to be given evidence and the credibility to be accorded to any particular witness are unquestionably the province of the jury. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 530–32 (6the Cir. 2008) (the question of whether the expert witness' "opinion is accurate in light of his use of [certain] data goes to the weight of the evidence, not to its admissibility").

## IV.

Based on the foregoing, the Court concludes that Mr. Freeman has set forth specific facts showing that there is a genuine issue for trial. The Court, therefore, **DENIES** DuPont's Motion for Summary Judgment Based on Specific Causation. (ECF No. 4316.)

**IT IS SO ORDERED.**

4-29-2016
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE